EQUICO LESSORS, INC. *v.* ROCKVILLE REMINDER, INC.
(2857)

BORDEN, SPALLONE and DALY, Js.

Argued March 6—decision released May 21, 1985

*Robert E. Wright,* with whom, on the brief, were *John Rose, Jr.,* and *Barry S. Feigenbaum,* for the appellant (plaintiff).

*Mitchel E. Kallet,* for the appellee (defendant).

DALY, J. The plaintiff instituted this action for breach of contract against the defendant. From a judgment rendered in favor of the defendant, the plaintiff has appealed.

The underlying facts are not in dispute. On August 21, 1980, Phase Liner North Atlantic Ltd. (Phase Liner) sent its employees to the defendant's plant to lease and install certain energy saving equipment. The defendant signed the equipment lease and an acknowledgment of receipt and acceptance of equipment after a written guarantee was made by Phase Liner. The guarantee provided that in the event that the defendant did not save about $426 monthly on its electrical bill, after three full monthly bills, Phase Liner would remove the equipment and refund all payments made less any actual savings realized.

The lease was assigned by Phase Liner to the plaintiff on August 21, 1980. The downpayment made by the defendant was turned over to the plaintiff by Phase Liner. Subsequent monthly payments were made directly to the plaintiff until the defendant ceased making payments because the equipment was not working. The plaintiff commenced this suit against the defendant relying on the terms of the lease which provided, inter alia: "The assignee's rights shall be free from all defenses, set-offs or counterclaims which Lessee may be entitled to assert against Lessor."

The trial court found for the defendant, stating that the lease was not the full and final agreement of the parties due to the signing of the contemporaneous guar-

antee agreement. It found that the plaintiff failed to sustain its burden of proof that it took the assignment for value, in good faith and without notice of any claim or defense.

The trial court concluded that the relationship between Phase Liner and the plaintiff was so close that it rendered the waiver clause unenforceable. This conclusion was based on a number of facts: at a regular Phase Liner sales meeting, a representative of the plaintiff supplied the plaintiff's standard preprinted leasing forms, showing the plaintiff as assignee, to Phase Liner's salesmen, explained how to fill them in, and was present when it was stressed that the plaintiff would finance the leases and when guarantees of performance for the purpose of selling the product were discussed. Thus, the plaintiff was aware of guarantees to be supplied to Phase Liner's customers. The plaintiff not only purchased the lease from Phase Liner, but also purchased the equipment which was leased.

This equipment failed to measure up to the representations made. After considering this evidence, the trial court found the waiver of defense clause to be unenforceable against the defendant.

The central issue concerns the assignee's right to enforce a waiver of defense clause in the equipment lease. This case is governed by § 9-206 (1) of the Uniform Commercial Code, which is § 42a-9-206 (1)[1] of the General Statutes. The defendant falls within the operative provisions of § 9-206 (1) because the goods leased

---

[1] General Statutes § 42a-9-206 (1) provides in relevant part: "Subject to any statute or decision which establishes a different rule for buyers or lessees of consumer goods, an agreement by a buyer or lessee that he will not assert against an assignee any claim or defense which he may have against the seller or lessor is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense, except as to defenses of a type which may be asserted against a holder in due course of a negotiable instrument under article 3."

are, with respect to the defendant, equipment and not consumer goods. *Laurel Bank & Trust Co.* v. *Mark Ford, Inc.,* 182 Conn. 437, 441, 438 A.2d 705 (1980).

Clearly, § 9-206 (1) is intended to give qualified assignees the protection generally accorded a holder in due course. This section provides that a lessee may agree not to assert against an assignee any claim or defense which he may have against the lessor. Such an agreement is enforceable by an assignee who takes his assignment for value, in good faith, and without notice of a claim or defense except as to defenses which may be asserted against a holder in due course of a negotiable instrument. *National Bank of North America* v. *DeLuxe Poster Co.,* 51 App. Div. 2d 582, 582–83, 378 N.Y.S.2d 462 (1976).

"Evidence of the existence of a personal defense does, however, shift to the holder of the instrument the burden of proving his due course status. General Statutes § 42a-3-307 (3). . . . That burden requires the holder to prove his taking of the instrument '(a) for value; and (b) in good faith; and (c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.' General Statutes § 42a-3-302." *Funding Consultants, Inc.* v. *Aetna Casualty & Surety Co.,* 187 Conn. 637, 640–41, 447 A.2d 1163 (1982). We believe that this rule, applicable to negotiable instruments, should apply here as well.

A question of fact is presented as to whether the plaintiff did, in fact, take its assignment in good faith and without knowledge of any claim or defense. *National Bank of North America* v. *DeLuxe Poster Co.,* supra, 583. Here, the trial court found that the plaintiff had not sustained its burden of proof. It has long been established that the trial court must determine the credibility of witnesses and the weight to be given

their testimony. *State* v. *D'Ambrosia,* 195 Conn. 461, 463, 488 A.2d 822 (1985); Holden & Daly, Connecticut Evidence (1966 and Sup. 1983) § 125 (a).

Under these circumstances, where the lease was executed and assigned at about the same time and upon the same instrument, and the preprinted leasing form employed was furnished by the assignee, it has been held that the assignee does not take the assignment "without notice of a claim or defense" and is therefore not entitled to the enforcement protection provided. *Massey-Ferguson Credit Corporation* v. *Brown,* 547 P.2d 846, 850 (Mont. 1976). Unless there was an error of law or a legal or logical inconsistency with the facts found, the conclusion of the trial court must stand. *Johnson* v. *Fuller,* 190 Conn. 552, 556, 461 A.2d 988 (1983).

There is no error.

In this opinion the other judges concurred.

