CROMWELL COMMONS ASSOCIATES *v.*
KAZIMIERZ KOZIURA ET AL.
(6431)

STOUGHTON, NORCOTT and FOTI, Js.

Argued September 20—decision released November 1, 1988

*Thomas F. Brown,* with whom, on the brief, was *David Bohonnon,* for the appellants (defendants).

*Michael J. Auger,* for the appellee (plaintiff).

NORCOTT, J. The defendants, Wieslaw and Kazimierz Koziura, appeal from the trial court's denial of their respective motions to open and vacate a judgment rendered on January 22, 1987, and to vacate a judgment lien filed on January 26, 1987. The defendants alleged in their motions that the judgment and lien, which were based on a stipulation by the parties, were obtained by the fraudulent acts of the plaintiff and its representatives.

The facts underlying the stipulated judgment are undisputed. On January 16, 1985, the plaintiff, a limited partnership, entered into a lease agreement with Alexandra's Fashions, Ltd., for premises located at Cromwell Commons Shopping Center. The lease was for a period of five years and required monthly rental payments of $2275. The terms of the lease were personally guaranteed by the defendant Wieslaw Koziura. Due to failing business, Alexandra's Fashions vacated the premises on October 31, 1985. The monthly rental payments under the lease agreement were current at that time.

On January 27, 1986, the plaintiff commenced suit against the defendants for breach of the lease agreement and filed an application for a prejudgment remedy, requesting attachment and garnishment of the defendants' property in the amount of $150,000.[1] One year later, on January 22, 1987, the court rendered judgment in accordance with a stipulation by the parties that awarded the plaintiff $50,000, secured by a lien on the property of Kazimierz Koziura. On January 26, 1987, the plaintiff filed a certificate of judgment lien against the property. When the plaintiff did not receive the payments due, it brought a foreclosure action against the property securing the judgment.

---

[1] Kazimierz Koziura, father of Wieslaw Koziura, was named as a defendant because the plaintiff alleged that Wieslaw transferred his interest in a mortgage to his father to avoid the plaintiff's debt, and that the father also held title to certain real property in trust for his son.

On August 27, 1987, seven months after the stipulated judgment was rendered, the defendant Wieslaw Koziura filed a motion to open and vacate the judgment, and, on September 4, 1987, the defendant Kazimierz Koziura filed a motion to vacate the judgment lien. Both defendants claimed that the judgment should be opened because it had been obtained by fraud.

In support of this position, the defendant Wieslaw Koziura alleged that the plaintiff had transferred its ownership interest in the shopping center and had assigned all its leases to Colonial Cromwell Commons in October of 1985. He attached as exhibits copies of a warranty deed and an assignment of leases signed by two of the plaintiff's general partners, one of whom had allegedly signed the affidavit in support of the request for the prejudgment remedy filed in January of 1986. The defendants claimed that the commencement of the action against them by the plaintiff more than two months after it had sold the property constituted fraud.

On the day on which it heard oral argument, the court denied both motions. In response to the defendants' motion for articulation, the trial court issued a memorandum of decision stating that the motions were denied because (1) the defendants did not file their motions to open within four months of judgment as required by Practice Book § 326, and (2) the defendants were represented by counsel throughout the lawsuit and their counsel executed the stipulation of judgment.

On appeal from this decision, the defendants claim that the trial court erred in refusing to open and vacate the judgment or to vacate the lien on the basis of fraud. They argue, in the alternative, that the court erred in failing to assign the matter for a full evidentiary hearing. The plaintiff contends that the court's denial of the motions to open and vacate was correct because

the defendants did not satisfy the requirements for opening a judgment based on fraud. We disagree.

"It is a well-established general rule that even a judgment rendered by the court upon the consent of the parties, which is in the nature of a contract to which the court has given its approval, can subsequently be opened without the assent of the parties if it is shown that the stipulation, and hence the judgment, was obtained by fraud . . . . The power of the court to vacate a judgment for fraud is regarded as inherent and independent of statutory provisions authorizing the opening of judgments; hence judgments obtained by fraud may be attacked at any time." (Citations omitted.) *Kenworthy* v. *Kenworthy,* 180 Conn. 129, 131, 429 A.2d 837 (1980). "Although the law will intervene to insure that substantial justice is done where fraud has been perpetrated, the frequency and extent of this intervention must be tempered by a sometimes conflicting adjudicative proposition that mandates the ultimate conclusion of all legal controversy. Thus, the setting aside of a judgment on the basis of fraud 'will only be granted if the [movant] is not barred by any of the following restrictions: (1) There must have been no laches or unreasonable delay by the injured party after the fraud was discovered. (2) There must have been diligence . . . in trying to discover and expose the fraud. (3) There must be clear proof of the perjury or fraud. (4) There must be a substantial likelihood that the result of the new trial will be different.' " *Jucker* v. *Jucker,* 190 Conn. 674, 677, 461 A.2d 1384 (1983), quoting *Varley* v. *Varley,* 180 Conn. 1, 4, 428 A.2d 317 (1980); *Grayson* v. *Grayson,* 4 Conn. App. 275, 286–87, 494 A.2d 576 (1985), appeal dismissed, 202 Conn. 221, 520 A.2d 225 (1987).

The trial court's memorandum of decision does not reflect any consideration of these factors. The existence of fraud for purposes of opening and vacating a judg-

ment is a question of fact. See *Jucker* v. *Jucker,* supra, 679; *Jackson* v. *Jackson,* 2 Conn. App. 179, 195, 478 A.2d 1026, cert. denied, 194 Conn. 805, 478 A.2d 710 (1984). Generally, when a court's exercise of discretion depends on disputed factual issues, due process requires a hearing to provide the parties with an opportunity to present evidence and to cross-examine adverse witnesses. *Nelson* v. *Nelson,* 13 Conn. App. 355, 367, 536 A.2d 985 (1988). The record reveals that the defendants sought to present evidence to demonstrate the existence of fraud, and that the trial court on several occasions commented on the need to schedule the matter for an evidentiary hearing. The court, however, although characterizing the issues raised by the arguments of counsel as "a murky mess," held no further hearing.

Under the circumstances of this case, relying on the four month requirement of Practice Book § 326 was error. The trial court should have held an evidentiary hearing to determine whether any of the restrictions set out in *Varley,* supra, barred the defendants from opening the judgment on the basis of fraud.

There is error, the judgment is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.