ROBINSON LEECH *v.* ZBIGNIEW ROZBICKI
(6459)

SPALLONE, STOUGHTON and NORCOTT, Js.

Submitted on briefs December 8, 1988—decision released January 17, 1989

*Edward J. Daly* and *Francis J. MacGregor* filed a brief for the appellant (defendant).

*Alfred B. Mencuccini* and *Stephanie M. Weaver* filed a brief for the appellee (plaintiff).

PER CURIAM. This is an appeal from a judgment rendered for the plaintiff upon a jury verdict. By revised

complaint, the plaintiff, a real estate agent, claimed that the defendant tortiously interfered with a contractual relationship by inducing the plaintiff's customer, Helen Huybrechts, to breach her contract with the plaintiff.

The defendant claims that the trial court erred (1) in denying his motions for a directed verdict, to set aside the verdict and for judgment notwithstanding the verdict, which were predicated on insufficiency of the evidence, (2) in allowing an amendment of the complaint late in the trial, (3) in refusing to submit requested interrogatories to the jury, and (4) in admitting a mortgage application into evidence.

On appeal, rulings on such matters will be disturbed only upon a showing of a clear abuse of discretion. See *State* v. *Boucino,* 199 Conn. 207, 225, 506 A.2d 125 (1986); *Wassell* v. *Hamblin,* 196 Conn. 463, 466, 493 A.2d 870 (1985); *Hearl* v. *Waterbury YMCA,* 187 Conn. 1, 3, 444 A.2d 211 (1982); *Hartford* v. *Anderson Fairoaks, Inc.,* 7 Conn. App. 591, 595, 510 A.2d 200 (1986).

Our review of the record indicates that there was sufficient evidence to support the jury's verdict and therefore to support the court's denial of the defendant's motions. It indicates that the court acted within its broad discretion in allowing an amendment to the complaint under Practice Book § 178. We also conclude that the court did not abuse its discretion in refusing to submit the requested interrogatories on issues that were either covered by the court's jury instructions or that had become moot with the amendment of the complaint, or in admitting the mortgage application under the business records exception to the hearsay rule.

There is no error.