GREGORY HUGHES ET AL. *v.* TOWN OF GLASTONBURY
(7551)

BORDEN, SPALLONE and FOTI, Js.

Argued June 22—decision released August 22, 1989

*Snow Gene Munford,* for the appellants (plaintiffs).

*Andrew J. O'Keefe,* with whom, was *Maureen Sullivan Dinnan,* for the appellee (defendant).

PER CURIAM. In this public nuisance action arising from an automobile accident, the plaintiffs appeal from the judgment rendered after a jury verdict in favor of the defendant. The plaintiffs claim that the court erred (1) in refusing to allow a hypothetical question to the plaintiffs' expert in the absence of certain facts, (2) in

allowing into evidence an out-of-court statement of a passenger in the automobile, (3) in denying the plaintiffs' motion in limine, (4) in admitting as prior inconsistent statements the complaints of four other lawsuits brought by the plaintiffs, (5) in admitting certain testimony, on cross-examination of the plaintiffs' expert, regarding the exercise of reasonable care, and (6) in its charge to the jury on nuisance. We find no error.

The named plaintiff, Gregory Hughes, was injured in a one car accident. He and his father commenced this action against the town of Glastonbury, alleging nuisance in the town's failure properly to mark, illuminate and maintain the stretch of roadway where the accident occurred. The plaintiffs have appealed several evidentiary rulings and the court's instructions to the jury on the law of nuisance.

The plaintiffs' first five claims attack the evidentiary rulings of the court. We find these claims to be meritless. The evidentiary rulings at issue involve the trial court's discretionary function and, therefore, will be disturbed on appeal only upon a showing of an abuse of that discretion. *Leech* v. *Rozbicki,* 17 Conn. App. 352, 353, 552 A.2d 451 (1989). Our review indicates that the court's actions were clearly within its discretionary authority.

The plaintiffs did not properly preserve, for purposes of appellate review, the issue of the court's instruction to the jury on nuisance. Practice Book § 4165 (d) (1). Accordingly, they have waived their right to press the claimed error on appeal. *State* v. *Hardison,* 16 Conn. App. 142, 143 n.1, 546 A.2d 968 (1988). The plaintiffs claim this issue qualifies for review under the plain error doctrine. Practice Book § 4185. " 'Such review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the

judicial proceedings.' *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985)." *Smith* v. *Czescel,* 12 Conn. App. 558, 563, 533 A.2d 223 (1987). We find that this case does not present such an extraordinary situation and, therefore, does not merit review under the plain error doctrine.

We have carefully considered each of the plaintiffs' claims of error including a plenary review of the record, transcript and briefs of both parties. The plaintiffs, as the appellants, have the burden of showing that there was error in the judgment from which the appeal was taken. *Coles* v. *Coles,* 17 Conn. App. 831, 832, 553 A.2d 1169 (1989). After affording the appropriate scope of review, we find that the plaintiffs have not met their burden.

There is no error.