CROMWELL COMMONS ASSOCIATES *v.* KAZIMIERZ
KOZIURA ET AL.
(7664)

DUPONT, C. J., FOTI and LAVERY, Js.

Argued January 9—decision released March 6, 1990

1

*Thomas F. Brown,* with whom were *David M. Bohonnon* and, on the brief, *Mary Ann Barile,* for the appellants (defendants).

*Michael J. Auger,* for the appellee (plaintiff).

FOTI, J. The defendants appeal from the trial court's denial of their motion to open and vacate the judgment rendered. This matter previously came before this court in *Cromwell Commons Associates* v. *Koziura,* 17 Conn. App. 13, 549 A.2d 677 (1988). At that time, the case was remanded to the trial court for "an evidentiary hearing to determine whether any of the restrictions set out in [*Varley* v. *Varley,* 180 Conn. 1, 428 A.2d 317 (1980)], barred the defendants from opening the judgment on the basis of fraud." Id., 17.

The following facts are relevant to the disposition of this appeal.[1] The plaintiff brought this action against the defendant Wieslaw Koziura for breach of a lease that was personally guaranteed by him. One year after the action was commenced, the defendants,[2] who were represented by counsel throughout these proceedings, agreed to the court's rendering a judgment, in accordance with a stipulation in favor of the plaintiff, in the amount of $50,000. The judgment was secured by the property of the defendant Kazimierz Koziura. Seven months after this judgment was rendered, the defendants moved to open and vacate the judgment, assert-

[1] Additional facts can be found in *Cromwell Commons Associates* v. *Koziura,* 17 Conn. App. 13, 549 A.2d 677 (1988).

[2] Kazimierz Koziura, father of Wieslaw Koziura, was named as a defendant because the plaintiff alleged that the latter transferred his interest in a mortgage to his father to avoid the plaintiff's debt, and that the father also held title to certain real property in trust for his son.

ing that it had been fraudulently obtained. After the trial court denied these motions without an evidentiary hearing, the defendants appealed to this court claiming error. We concluded that because the defendants claimed fraud it was error for the trial court to deny the motions without an evidentiary hearing and remanded the case for further proceedings.

At the remand hearing, the trial court found the following facts. Some time during the late summer or the fall of 1985, the plaintiff's general partner, Benjamin Morris, informed the defendant Wieslaw Koziura that the shopping center that contained the leased premises was to be sold. Prior to the stipulated judgment, the plaintiff sold the shopping center and assigned the lease in question to the purchaser, Colonial Cromwell Commons Limited (Colonial). Shortly after the sale, Morris sent a written notice of sale to all of the tenants in the shopping center, including Wieslaw Koziura, informing them of the sale and advising them where to make future rental payments. At this time, Wieslaw Koziura asked Morris if he could be absolved of his liability under the lease. Morris referred him to Colonial.

At the time of sale, the plaintiff signed a lease guarantee agreement with Colonial, indemnifying Colonial for one year's rent on all of the shopping center leases. Because the defendants were in default of their lease agreement, Morris discussed legal action against them with a representative of Colonial. The plaintiff and Colonial agreed to conduct a joint suit whereby the proceeds collected would first be applied to the expenses of collection, then to the plaintiff's payments to Colonial pursuant to the indemnification agreement, and finally the balance would be paid to Colonial for the remaining period of the lease.

Suit was instituted in January, 1986, with negotiations following for the next eleven months. Counsel for the defendants discussed the interest of Colonial with counsel for the plaintiff and was satisfied that a settlement with the plaintiff would constitute a full and final settlement of both the plaintiff's interest and Colonial's interest. Although the defendants' attorney's conversation concerning the respective interests of the plaintiff and Colonial may have come subsequent to the stipulated judgment, it was not more than six to eight weeks thereafter. After the stipulated judgment was rendered, the defendants failed to make any payments in accordance with the terms of that judgment and a foreclosure action against the property securing the judgment was commenced.

The motion to open and vacate was not filed until seven months after the stipulated judgment was rendered, and was based on the defendants' claimed lack of knowledge of the sale of the shopping center, which they allege was fraudulently withheld by the plaintiff.

After a thorough review of the record before us, we conclude that the trial court clearly considered the restrictions set out in *Varley* v. *Varley,* supra, and properly concluded, on the basis of the facts found by it, that even if the defendants were not barred by laches or lack of due diligence from prevailing on their motion to open judgment, their claim is barred in that there was no clear proof of fraud, and they failed to demonstrate that if a new trial were granted the result would be different.

As the appellants, the defendants have the burden of showing that there was error in the judgment from which the appeal was taken. *Manzin* v. *United Bank & Trust Co.,* 6 Conn. App. 513, 517, 506 A.2d 169 (1986).

On appeal, the defendants claim five grounds of error that attack either the factual findings of the court or its exercise of discretion. We will not retry the case. *Pulaski* v. *Ledwith,* 5 Conn. App. 629, 631, 501 A.2d 396 (1985), cert. denied, 198 Conn. 803, 503 A.2d 1186 (1986). Our review of the record fails to disclose that the factual findings of the court were clearly erroneous in view of the pleadings and evidence before it, or that the decision was otherwise erroneous in law; Practice Book § 4061; or is unsupported by the evidence. *Branigan* v. *Cohen,* 3 Conn. App. 580, 581, 490 A.2d 1019 (1985). On appeal, rulings involving the court's discretion will be disturbed only upon a showing of a clear abuse of that discretion. *Leech* v. *Rozbicki,* 17 Conn. App. 352, 353, 552 A.2d 451 (1989). Our review of the record indicates that the court acted within its broad discretion.

After affording the claims of error the appropriate scope of review, we conclude that the defendants have not met their burden. *Coles* v. *Coles,* 17 Conn. App. 831, 832, 553 A.2d 1169 (1989).

There is no error.

In this opinion the other judges concurred.