[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff moves to Reopen Judgment. Defendant opposes the motion because it is not made within four months.
This is an action on a promissory note executed by the defendant Dominic Lagana individually and as president of Lagana Enterprises, Inc. in connection with the sale of a restaurant business by the plaintiff, Rosanna Capotorto. Judgment was entered by the court, Mancini, J. on September 25, 1989.
The judgment ordered, inter alia, the defendants Dominic Lagana and Lagana Enterprises, Inc. to pay the plaintiff the principal balance remaining on the note plus interest, attorney's fees and costs; or (1) grant the plaintiff possession of the restaurant premises; (2) assign to her the lease to the premises; and (3) pay her attorney's fee and costs.
The defendants surrendered possession of the restaurant on October 13, 1989. The plaintiff filed a "motion to modify" the judgment on October 23, 1989 that was denied for improper CT Page 3915 form by the court, Hartmere, J. The plaintiff did not appeal this decision. The plaintiff now moves "to vacate and open judgment", by motion filed June 22, 1990. The plaintiff asserts that the defendant, Dominic Lagana, executed a new lease upon the premises and that the new lease contains a prohibition against assignment without consent of the landlord. The plaintiff claims that the defendant violated the contract of sale between the plaintiff and the defendant by entering into a non-assignable lease.
 Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court.
Conn. Practice Bk. section 326 (rev'd to 1978, as updated to July 1, 1990); see also Conn. Gen. Stat. section 52-212 (a) (rev'd. to 1989). "Absent waiver, consent or other submission to jurisdiction, however, a court is without jurisdiction to modify or correct a judgment, in other than clerical respects, after the expiration of the term of the court in which it was rendered or the term provided in Practice Book, 1978, section 326." Bunche v. Bunche, 180 Conn. 285, 288
(1980) (citations omitted). The filing of a timely, but defective motion to open default does not toll the running of the time limit under Conn. Practice Book section 326. Serrano v. Behar, 15 Conn. App. 308, 311-12 (1988).
There are, however, exceptions to these rules:
 It is a well-established general rule that even a judgment rendered by the court upon the consent of the parties, which is in the nature of a contract to which the court has given its approval, can subsequently be opened after the four month limitation . . .if it is shown that the stipulation, and hence the judgment, was obtained by fraud, in the actual absence of consent, or because of mutual mistake. (emphasis added).
Celanese Fiber v. Pic Yarns, Inc., 184 Conn. 461, 466 (1981) (citations omitted). CT Page 3916
"`The power of the court to vacate a judgment for fraud is regarded as inherent and independent of statutory provisions authorizing the opening of judgments; hence judgments obtained by fraud may be attacked at any time."' Cromwell Commons Associates v. Koziura, 17 Conn. App. 13, 16
(1988) (citing Kenworthy v. Kenworthy, 180 Conn. 129, 131
(1980)). A motion to set aside . . .
 a judgment on the basis of fraud "will only be granted if the [movant] is not barred by any of the following restrictions: (1) There must have been no laches or unreasonable delay by the injured party after the fraud was discovered; (2) There must have been diligence . . .in trying to discover and expose the fraud; (3) There must be clear proof of the perjury or fraud; (4) There must be a substantial likelihood that the result of the new trial will be different."
Jucker v. Jucker, 190 Conn. 674, 677 (1983). (citations omitted); Cromwell Commons Associates, 17 Conn. App. at 16. The trial court should hold an evidentiary hearing to determine whether any of these restrictions bar the movant from opening the judgment on the basis of fraud. Cromwell Commons Associates, 17 Conn. App. at 17.
The plaintiff argues that her motion to modify was, in substance, a motion to open and was, therefore, wrongly denied. The plaintiff further argues that the defendants "have waived the requirements of Conn. Practice Bk. section 326 by performing the following acts or conduct:
1. Negotiating a lower contract settlement amount than that determined by the court subsequent to the date of judgment.
2. Negotiating a payoff date beyond that set by the court.
3. Failing to surrender the premises when it became apparent that the monetary payoff would not occur.
4. Removing the contents of the premises after judgment had been rendered and after it had become apparent that the money payoff would not occur."
The denial of the plaintiff's "motion to modify" can not be challenged by the instant motion and may only be challenged by appeal. Conn. Gen. Stat. section 51-197a (rev'd to 1989). The plaintiff has made no claim that the judgment CT Page 3917 was obtained by fraud, duress or mutual mistake. Only if the court finds the plaintiff is making a claim of fraud should it hold an evidentiary hearing as required by Jucker,190 Conn. at 677.
Waiver is the intentional relinquishment of a known right. Olean v. Treglia, 190 Conn. 756, 772 (1983). "Waiver does not have to be express, but `may consist of acts or conduct from which waiver may be implied."' Loda v. H. K. Sargeant Associates, Inc., 188 Conn. 69, 76 (1982). Waiver is a question of fact. Id.
The plaintiff relies on Navickas v. Breen, 1 CSCR 383
(June 4, 1986, Aspell, J.), in support of her motion to open judgment at this late date. In that case neither party was aware of a dismissal of the case on June 14, 1985 pursuant to the court dormancy program until April 29, 1986. Instead, the parties continued settlement negotiations, filed pleadings, and made discovery requests. See Navickas v. Breen, 1 SCR at 383.
The defendants in this case merely responded to the plaintiff's motion to open judgment. They filed no other pleadings. The defendants argue that none of their other acts were sufficient to constitute a waiver implied by conduct and that they did not expressly waive the requirements of Conn. Practice Bk. section 326.
Accordingly, the court denies the plaintiff's motion to open judgment.
FRANK S. MEADOW, J.