[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE SECOND, THIRD AND FOURTH COUNTS
This is an eight-count complaint by plaintiff, Galazan, a real estate developer seeking damages for the alleged failure of the Connecticut Housing Finance Authority (Authority) to honor a finance commitment dated May 4, 1989. Defendant Authority moves to strike the second, third and fourth counts of the complaint, sounding respectively in breach of duty of good faith, negligence and breach of fiduciary duty, claiming in essence, that these counts are insufficient at law because no express contract is claimed or in fact existed.
 I.
In the second count the plaintiff alleges that the defendant by virtue of its agreement with the plaintiff owed to the plaintiff a duty of good faith and fair dealing, which was breached by the defendant when it refused to honor its agreement to provide the plaintiff with financing for the development project. The defendant moves to strike the second count on the ground that "no such duty existed in this situation, as there first must be a contract from which the duty arose." CT Page 5855
It is well-settled that our Supreme Court recognizes the principle of an implied covenant of good faith and fair dealing in a variety of contractual relationships. See Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 566,479 A.2d 781 (1984). "Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party . . . ." Id., 566-67, quoting 2 Restatement (Second), Contracts 205, comment a (1979). The principle of the implied covenant of good faith and fair dealing "is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." Id., 567. This principle is freely applicable except where it would reach a result contrary to the express terms of a contract. Id. See also Eis v. Meyer, 213 Conn. 29,37, 566 A.2d 422 (1989).
"Whether a contract exists is a question of fact for the court to determine." Manzin v. United Bank and Trust Co., 6 Conn. App. 513, 516, 506 A.2d 169 (1986), quoting Randolph Construction Co. v. Kings East Corporation,165 Conn. 269, 277, 334 A.2d 464 (1973). In the absence of definitive contract language, "the determination of what the parties intended to encompass in their contractual commitments is a question of the intent of the parties, and an inference of fact." Bead Chain Manufacturing Co. v. Saxon Products, Inc., 183 Conn. 266, 274-75, 439 A.2d 314 (1981). "It is axiomatic that, regardless of a party's actual intent, if he conducts himself so as to lead the other party reasonably to conclude that he is accepting an offer to contract, acceptance has taken place as a matter of law . . . . Whether a party has conducted himself so as to lead the other party reasonably to infer acceptance in a question of fact for the trial court." (Citations omitted). John J. Brennan Construction Corporation, Inc. v. Shelton, 187 Conn. 695,709, 448 A.2d 180 (1981).
We believe that plaintiff, by incorporating into the second count paragraph 1 through 27 of the first count, and by the additional allegations contained within paragraph 28 of the second count, has sufficiently alleged the existence of an agreement whereby the defendant agreed to provide the plaintiff with financing in consideration of the plaintiff's development of low income housing.
Further, plaintiff sufficiently alleges facts to show consideration for the agreement by alleging that he relied to his detriment upon the promise of the defendant that there would be financing available in accordance with the CT Page 5856 commitment, and that he continued to make renovations, construction and development of the project in accordance with the plans and specifications as approved by the defendant.
In our view, plaintiff in the second count sufficiently alleges the existence of an underlying contract or agreement between the parties, to withstand the motion to strike.
 II.
In the third count of his complaint the plaintiff incorporates paragraphs 1 through 27 of the first count and in paragraph 28 alleges that the defendant carelessly and negligently failed to provide the plaintiff with the financing for the low income housing development. In its motion to strike the defendant denies the allegations of the complaint that the defendant had any contractual duties, and affirmatively asserts that it "was under no duty or obligation to provide the plaintiff Galazan with permanent mortgage financing."
It is well-settled in Connecticut that a defendant may be liable in negligence for the breach of duty that arises out of a contractual relationship. See, e.g., Doyle v. St. Paul Fire and Marine Insurance Co., 583 F. Sup. 554,555-56 (D. Conn. 1984); Urban v. Hartford Gas Co., 139 Conn. 301,304, 93 A.2d 292 (1952); Dean v. Hershowitz, 119 Conn. 398,117 A. 262 (1935); Neiditz v. Morton S. Fine and Associates, Inc., 2 Conn. App. 322, 324-28, 479 A.2d 249
(1984).
We believe that the plaintiff in his third count sufficiently pleads facts that if proven at trial would show that a valid agreement to provide permanent financing to the plaintiff existed between the parties.
Defendant's claim that no contract in fact existed is hardly a basis for sustaining its motion to strike.
In the fourth count, which incorporates paragraphs 1 through 28 of the second count, the plaintiff alleges that "there existed a fiduciary duty or other special relationship" between the plaintiff and the defendant, and that "the plaintiff placed great trust and reliance upon the conduct and representations of the defendant." In its motion to strike the defendant denies the allegations contained within the fourth count that a fiduciary duty or special relationship existed, and affirmatively asserts that nothing CT Page 5857 more than "a potential business transaction" existed between the parties.
A cause of action for breach of a fiduciary relationship has long been recognized in Connecticut. See Dunham v. Dunham, 204 Conn. 303, 528 A.2d 1123 (1987); Alaimo v. Royer, 188 Conn. 36, 448 A.2d 207 (1982). "A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." Dunham, supra at 322.
The plaintiff has sufficiently alleged the existence of a special relationship of trust and confidence with the defendant which if proven would establish existence of a fiduciary relationship.
Motion to strike second, third and fourth counts denied.
Wagner, J.