T.P. BREWER CONSTRUCTION COMPANY, INC. *v.*
F AND G ASSOCIATES ET AL.
(14082)

Foti, Schaller and Hull, Js.

Argued October 23, 1995—decision released January 2, 1996

*Martin A. Clayman,* for the appellants (defendants).

*Stephen J. Sinatro,* for the appellee (plaintiff).

PER CURIAM. The defendants appeal[1] from the judgment of the trial court rendered in favor of the plaintiff.

---

[1] The named defendant, F & G Associates (F & G), was listed as an appellant on the defendants' docketing statement. Because the supplemental judgment was rendered in favor of F & G, it is not an aggrieved party. See

The plaintiff[2] brought this action based on theories of breach of contract and quantum meruit against the general partnership of F & G Associates (F & G),[3] Philip Fine individually, Morton Fine individually and J. Scott Guilmartin individually in connection with the performance of site work at an office park in East Granby. F & G asserted a counterclaim against the plaintiff and a third party complaint against Terrence P. Brewer.

After a trial, the court rendered judgment on the complaint in favor of the plaintiff against Philip Fine, Morton Fine and J. Scott Guilmartin on the theory of quantum meruit. The court also rendered judgment on the counterclaim in favor of the plaintiff and on the third party complaint in favor of Brewer. Subsequently, the trial court rendered judgment in favor of the defendant F & G on the complaint. See *T.P. Brewer Construction Co.* v. *F & G Associates*, 34 Conn. App. 714, 643 A.2d 308 (1994).

While much of the evidence at trial was disputed, it is axiomatic that this court cannot retry the facts or pass on the credibility of witnesses. *State* v. *Speers*, 17 Conn. App. 587, 592, 554 A.2d 769, cert. denied, 211 Conn. 808, 559 A.2d 1142, cert. denied, 493 U.S. 851, 110 S. Ct. 150, 107 L. Ed. 2d 108, cert. denied sub nom. *George* v. *Connecticut*, 493 U.S. 893, 110 S. Ct. 241, 107 L. Ed. 2d 192 (1989). The claims raised on appeal attack the court's factual findings. There was neither a motion to correct nor a motion for articulation filed. The

General Statutes § 52-263; Practice Book § 4000. We refer to the appellants Morton Fine, Philip Fine and J. Scott Guilmartin as the defendants in this opinion.

[2] The stock of the plaintiff corporation was owned in equal amounts by Terrence P. Brewer, its president, and J. Scott Guilmartin.

[3] The general partners of F & G Associates were Philip Fine, Morton Fine and J. Scott Corporation. J. Scott Corporation was owned in equal shares by J. Scott Guilmartin and Terrence Brewer. Terrence Brewer was the president of J. Scott Corporation. J. Scott Corporation was not made a party to this action.

defendants have failed to demonstrate that the trial court's findings were clearly erroneous or that its decision was otherwise erroneous in law. Practice Book § 4061.[4] Our review of the record fails to disclose that those factual findings were unsupported by the evidence. *Cromwell Common Associates* v. *Hoziuro*, 21 Conn. App. 1, 5, 570 A.2d 1131 (1990). The court's findings that led to the conclusion that damages were proven with reasonable certainty were not shown to be clearly erroneous. See *Fuessenich* v. *DiNardo*, 195 Conn. 144, 156–57, 487 A.2d 514 (1985).

The judgment is affirmed.

---

[4] Practice Book § 4061 provides in pertinent part: "The court may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law. . . ."