[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant's Motion for Summary Judgment is denied without prejudice in light of the fact that there is evidence in the file of the existence of a third listing agreement executed in April of 1996. That agreement may well comply with the requirements of section 20-325a of the General Statutes and, therefore, may be enforceable. Granting summary judgment in these circumstances would fly in the face of fundamental fairness and cause undue prejudice to the plaintiff. Cf. McNeil v. Riccio,45 Conn. App. 466, 473-75 (1997) (affirming trial court's decision to allow plaintiff to amend complaint to add legitimate cause of for summary judgment).
As a result of this third contract, there appears to be a genuine issue of material fact as to which listing agreement, if any, was in effect at the time of the sale. Whether a contract exists, was adequately modified, or was superseded, is often a question of fact, sometimes involving issues of intent not properly considered on a motion for summary judgment. See SpicerCT Page 8005v. Spicer, 33 Conn. App. 152, 157-59 (1993), cert. denied,228 Conn. 920 (1994); Ruwet-Sibley Equipment Corporation v.Stebbins, 15 Conn. App. 21, 26, cert. dismissed, 209 Conn. 806
(1988); Manzin v. United Bank Trust Co., 6 Conn. App. 513,516 (1986). The unique circumstances of this case give rise to a factual dispute regarding which of the three listing agreements, if any, was in effect at the time of the sale, and what were the terms of any such agreement. The court, therefore, cannot determine at this time whether any of the said listing agreements is enforceable as a
The motion for summary judgment is, as indicated, denied without prejudice.
Moraghan, J.