[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO OPEN JUDGMENT (#111)
This matter comes before the court in connection with a motion to open judgment, filed by the defendant, Wanda Rosario, on April 5, 2002 (#111). On May 6, 2002, the court held an evidentiary hearing at which the parties were afforded the opportunity to present evidence concerning the motion and to present oral argument. In addition, the parties presented written submissions. After considering the evidence, the parties' submissions, and their arguments, the court denies the motion, for the reasons set forth below.
 I. BACKGROUND
The court's file reflects that this matter was filed on May 11, 2000. In its complaint, the plaintiff, Leasecomm Corporation, alleged that, on or about February 4, 1998, it entered into a noncancellable equipment lease agreement with Rosario, under which Rosario agreed to make monthly payments of $59.52 during the lease term. Leasecomm alleged that the equipment which was the subject of the agreement was installed and delivered to Rosario. Leasecomm also alleged that in October, 1999, Rosario defaulted in making the payments, leaving a balance of $2,328.62 due and owing. In its complaint, Leasecomm also sought attorney's fees and interest.
Rosario filed a pro se appearance in the action on May 26, 2000. By order dated July 18, 2000, Rosario was defaulted for failure to plead in response to the complaint (#101). On August 14, 2000, the court (Rogers, J.) granted Leasecomm's motion for judgment, and ordered the entry of judgment in favor of Leasecomm in the amount of $2,919.63, plus costs (#102). The court also ordered weekly payments on the judgment, in the amount of $25.00 per week. Annexed to the motion for judgment was an affidavit of debt, to which was appended a copy of the equipment lease.
The court's file also reflects that Leasecomm sought a wage execution in order to collect on the judgment (#107). On October 24, 2000, Rosario filed an exemption and modification claim (#108) which was scheduled for hearing by the court on November 6, 2000.[1] Thereafter, by order dated November 13, 2000, the court (Gordon, J.) modified the wage execution to $15.00 per week.
Review of the file indicates that Rosario filed no appeal of the court's judgment. As noted above, Rosario filed her motion to open the judgment on April 5, 2002.
 II. STANDARD OF REVIEW
"It is a well-established general rule that even a judgment rendered by the court upon the consent of the parties, which is in the nature of a CT Page 5863 contract to which the court has given its approval, can subsequently be opened without the assent of the parties if it is shown that the stipulation. and hence the judgment, was obtained by fraud, in the actual absence of consent, or by mutual mistake." Kenworthy v. Kenworthy,180 Conn. 129, 131, 429 A.2d 837 (1980).[2] Here, Rosario does not contend that mutual mistake is at issue. Likewise, the judgment was not entered with her consent; rather, it was entered by default, as a result of her failure to respond to the complaint. Instead, her motion is premised on claimed fraud.
"The power of the court to vacate a judgment for fraud is regarded as inherent and independent of statutory provisions authorizing the opening of judgments; hence judgments obtained by fraud may be attacked at any time." Billington v. Billington, 220 Conn. 212, 218, 595 A.2d 1377
(1991); see also Mac's Car City, Inc. v. Diloreto, 238 Conn. 172, 183,679 A.2d 340 (1996). A judgment will be set aside for fraud under the following conditions: there must have been no laches or unreasonable delay by the injured party after the fraud was discovered; there must be clear proof of the perjury or fraud; and there must be a substantial likelihood that the result of the new trial will be different. SeeBillington v. Billington, supra, 220 Conn. 218.
"Fraud consists in deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end designed. . . . The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment." (Internal quotation marks omitted and citations omitted.) Billington v. Billington, supra, 220 Conn. 217.
"The existence of fraud for purposes of opening and vacating a judgment is a question of fact." Cromwell Commons Associates v. Koziura,17 Conn. App. 13, 16-17, 549 A.2d 677 (1988). In order to ascertain the facts concerning such a claim, an evidentiary hearing should be held by the court. Id., 17 Conn. App. 17. As noted, the court held such a hearing.
 III. DISCUSSION
In her motion, Rosario contends that Leasecomm has used "misguided and false sales misrepresentation for their own self interest." With her motion. Rosario filed various documents. which the court has reviewed.[3]
Rosario contends that she attempted to cancel the equipment lease when she closed her business, Wanda's Boutique. Leasecomm continued to assert that she was in default and to insist on its contractual remedies, as CT Page 5864 provided in the equipment lease.
Included in her submission are a copy of the equipment lease and a copy of an undated consumer complaint which she apparently submitted to the office of the Massachusetts Attorney General.[4] While this document is not dated, it asks the complainant, "[h]ave you complained directly to the company?" Rosario filled in the spaces provided to indicate that she had sent the company a letter, dated November 27, 2001.
On the next page, in the handwritten portion, Rosario explained her complaint by asserting that she was not informed of the role Leasecomm would "play in the contract." The gravamen of her claim of fraud appears to be that the person who sold her the product "never mention[ed] anything about a noncallable lease with Leasecomm nor the consequences of it." (Id.)[5] She claims that she thought that she would be dealing with a company called First American Payment System (First American). (See id.) Also included in her motion papers is a copy of a letter. dated July 6, 1999, to First American, noting that Wanda's Boutique will no longer be in business and that she was notifying her financial institution to stop making payments.
Similarly, in what appears to be an E-mailed letter, dated November 25, 2001, to the Massachusetts Attorney General, which is also included with the motion, she states that she had a lease for a credit card machine with First American and that she notified her financial institution that they should stop making payments on the lease from her checking account. A copy of a letter to this effect to American Eagle Federal Credit Union is also enclosed.
The motion papers also include a copy of a Better Business Bureau, Inc. report, dated November 28, 2001, concerning Leasecomm. At the hearing, Rosario agreed that this report does not mention her. Since it is part of the motion papers, the court has reviewed it.[6] In her filing in this court dated April 20, 2002, which is erroneously styled as her supplemental objection to the motion to open the judgment, Rosario cites this report as evidence of fraud in her case. The report notes, in general terms, complaints about Leasecomm. The fact that other individuals may have complained about the company's practices is not evidence of what occurred in Rosario's case. Whether or not such complaints were or are meritorious is not before this court for adjudication.[7]
In response to Rosario's presentation, Leasecomm asserts that there is no evidence of fraud and that Rosario had notice of the court proceedings all along. It contends also that the court lacks jurisdiction to open the judgment in the absence of a showing of fraud. CT Page 5865
The court finds that Rosario has not proved that fraud occurred, let alone by the "clear evidence" standard required by our Supreme Court. Here, the equipment lease contains, in bold, capital letters, at the top of its first page, the title "NON CANCELLABLE EQUIPMENT LEASE AGREEMENT." Further, the schedule of payments, is prominently set forth on the same page and provides for monthly payments for forty-eight (48) months. Also, the name "Leasecomm" appears prominently at the top of the page.
Rosario has not claimed that the contract language is ambiguous or that she did not read what she signed.[8] Instead, she claims that she was told something different about cancellation by a salesman. Presumably, this statement was allegedly made at or around the time that she signed the equipment lease. Her signatures on that document are dated February 4, 1998. Under these circumstances, the court does not credit her belated claim, raised for the first time in the fall of 2001, well after she was served with process in this matter and had the opportunity to defend herself, that she was induced by fraud to enter into the contract. Likewise, her unclear assertions about the claimed affiliation between First American and Leasecomm also do not amount to evidence of fraud. Thus, Rosario has not met the requirements, as set forth by our Supreme Court, cited above, for this court to open the judgment.
 CONCLUSION
For the foregoing reasons, the motion to open the judgment is denied. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT