ALAN R. VARLEY *v.* NINA B. VARLEY

COTTER, C. J., BOGDANSKI, PETERS, A. ARMENTANO and ASPELL, JS.

Argued January 17—decision released February 26, 1980

*Nina B. Varley,* pro se, the appellant (defendant).

*Joel M. Ellis,* for the appellee (plaintiff).

BOGDANSKI, J.  In 1971, the plaintiff Alan R. Varley instituted an action for divorce against the defendant Nina B. Varley.  In 1972, after a trial before Hon. John R. Thim, state referee, the issues were found in favor of the plaintiff.  Thereafter the defendant moved to open and vacate the judgment and for a new trial based upon newly discovered evidence.  After a hearing, the motion was denied.  On January 12, 1973, Nina B. Varley appealed to this court from the judgment rendered. The denial of the motion for a new trial was not briefed on the appeal.  On March 30, 1976, this court affirmed the judgment.

In 1979, Nina B. Varley filed a renewal of her motion to open and vacate the judgment and for a new trial based upon newly discovered evidence and other causes.  After a hearing, the motion was denied.  From that denial, this appeal was taken.

The defendant's motion is, in our view, one which challenges the 1972 judgment (1) on the basis of fraud,[1] and (2) on the ground that the state referee lacked the constitutional power to render a judgment.

Where an unsuccessful party has been prevented, by fraud or deception, from exhibiting fully his case and shows that there never has been a real contest in the trial or hearing of the case, a new suit may be sustained to set aside and annul the former judgment and open the case for a new and fair hearing.  *United States* v. *Throckmorton,* 98 U.S. 61, 65–66, 25 L. Ed. 93 (1878) ; *Pearce* v. *Olney,*

---

[1] In her motion, which covers forty pages of the record, Nina B. Varley alleges that the trial was tainted by (a) false testimony; (b) bribery; (c) misconduct of counsel; and (d) misconduct of the state referee.

20 Conn. 544 (1850). See also Restatement (Second), Judgments § 116 (Tent. Draft No. 6 1979). Since the record shows that Nina B. Varley was present and participated at every stage of the 1972 proceedings, she cannot prevail on this ground.

To have a judgment set aside on the basis of fraud which occurred during the course of the trial upon a subject on which both parties presented evidence is especially difficult.[2] See, e.g., *Hazel-Atlas Glass Co.* v. *Hartford-Empire Co.*, 322 U.S. 238, 64 S. Ct. 997, 88 L. Ed. 1250 (1944); *Marshall* v. *Holmes*, 141 U.S. 589, 12 S. Ct. 62, 35 L. Ed. 870 (1891). The question presented by a charge of

---

[2] See, e.g., Restatement (Second), Judgments (Tent. Draft No. 6 1979).

"§ 118. Judgment Procured by Corruption, Duress, or Fraud.

(1) Subject to the limitations stated in § 122, a judgment in a contested action may be avoided if the judgment resulted from:

(a) Corruption of or duress upon the court or the attorney for the party against whom the judgment was rendered, or duress upon that party, or

(b) A determination based on evidence that the party procuring the judgment knew to be false.

(2) A party seeking relief under subsection (1) must:

(a) Have acted with due diligence in discovering the facts constituting the basis for relief;

(b) Assert his claim for relief from the judgment with such particularity as to indicate it is well founded and prove the allegations by clear and convincing evidence; and

(c) When his claim is based on falsity of the evidence on which the judgment was based, show that he had made a reasonable effort in the original action to ascertain the truth of the matter."

"§ 122. Denial or Limitation of Relief.

. . . [R]elief from a judgment will be denied if:

(1) The person seeking relief failed to exercise reasonable diligence in discovering the ground for relief, or after such discovery was unreasonably dilatory in seeking relief; or

(2) The application for relief is barred by lapse of time; or

(3) Granting the relief will inequitably disturb an interest of reliance on the judgment. When such an interest can be adequately protected by giving the applicant limited or conditional relief, the relief will be shaped accordingly."

fraud is whether a judgment that is fair on its face should be examined in its underpinnings concerning the very matters it purports to resolve. Such relief will only be granted if the unsuccessful party is not barred by any of the following restrictions: (1) There must have been no laches or unreasonable delay by the injured party after the fraud was discovered. (2) There must have been diligence in the original action, that is, diligence in trying to discover and expose the fraud. (3) There must be clear proof of the perjury or fraud. (4) There must be a substantial likelihood that the result of the new trial will be different. James, Civil Procedure (1965) § 11.7, pp. 540–42; 36 Ill. L. Rev. 894, 896–97 (1942). Furthermore, the granting of such relief must not unfairly jeopardize interests of reliance that have taken shape on the basis of the judgment. James & Hazard, Civil Procedure (2d Ed.) § 13.14, p. 687. On the basis of our examination of the entire record, we conclude that Nina B. Varley is not entitled to the relief sought.

The final claim asserting that the judgment was void because the referee lacked the power to grant it, having been previously decided, is without merit. See *Monroe* v. *Monroe,* 177 Conn. 173, 413 A.2d 819 (1979).

There is no error.

In this opinion the other judges concurred.