[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff filed two motions to reopen and modify the judgment (see pleading #116) and other motions both dated 4/5/90. Both motions seek different forms of relief.
The motion for modification contains 14 allegations to modify support of minor children and return of personal items and visitation which the defendant concedes that the court has continuing jurisdiction pursuant to provisions of section46b-86 C.G.S. to reopen and modify as it pertains to support and visitation.
This decision accordingly is only directed to the motion to reopen and modify (pleading #116).
In this latter motion the plaintiff seeks to reopen the judgment dissolving the marriage and all the orders of the court entered March 12, 1987. The motion to modify the orders of March 12, 1987 alleges seven reasons as grounds to seek a modification.
The plaintiff claims that on March 12, 1987, she was unbalanced, in an emotionally unstable state of mind and thus, unable to comprehend the nature of the agreement; she was in a depressed state of mind lacking self confidence; that she was under tremendous emotional strain and much anguish and guilt; that any agreements or concessions were made under extreme duress and when she was in a confused and highly emotional and guilt-ridden state of mind; that she had negative emotions about herself; she lacked self confidence; and that the terms of the agreement in which she transferred the jointly owned property at 95 Rogers Avenue, Milford, Connecticut were unfair. The plaintiff makes no allegation that the judgment of dissolution was obtained through fraud or misrepresentation on the part of the defendant.
This action first came to the court on September 8, 1986. At all times pertinent, the plaintiff in this motion was represented by counsel. The case was heard as an uncontested dissolution of marriage on March 12, 1987 with CT Page 5331 judgment being entered on that date. (Kulawiz, J.).
The sole witness, that testified at the hearing, was the plaintiff, Deborah Wright. She was represented by an attorney. The plaintiff submitted testimony to the court that: the marriage broke down irretrievably and there was no chance of reconciliation; she and the defendant had reached an agreement regarding the disposition of property, custody, child support and alimony; she identified the signature on the agreement; that neither she nor the defendant were to receive alimony; that there would be a joint custody of the minor children who would live primarily with the defendant/husband; she would have reasonable and liberal rights of visitation; and she would pay a total of $30.00 a week to the defendant/husband or $15.00 per week per child. She further testified that she would quit claim to the defendant/husband her interest in the marital home; that all items of personal property had been divided to the parties' mutual satisfaction except for a handwritten addendum to the separation agreement; she testified that she was in reasonably good health and there was nothing about her health to impair her ability to earn a living; she had received the document entitled "Judgment by Stipulation" with her attorney; and that the agreement was the result of negotiations between the lawyers and the parties.
The financial information by way of affidavits were filed with the court.
The court inquired as to whether the plaintiff was aware that the agreement did not provide for alimony. The court inquired about the plaintiff's employment and health. The court inquired whether the agreement was reached as a result of negotiations between the lawyers and the parties. The court specifically questioned the plaintiff as to the disposition of real property and further inquired "[y]ou are going to quitclaim the property and in fact have already signed a deed, have you not?"
The parties agreed to joint custody and where the children would reside.
The plaintiff now after four years seeks to modify the orders because she is apparently unhappy with her decisions to convey certain property. The plaintiff only claims her regrets and misgivings and her emotions state to seek the extraordinary relief to reopen and modify the orders. In other words, she now seeks to retry her case.
The defendant does not challenge the power of this court CT Page 5332 to vacate a judgment based upon fraud which power is regarded as inherent and independent of statutory provisions authorizing the opening of judgments.
The law will intervene to insure that justice is done where fraud has been perpetrated. No such claim is made here.
In order to set aside a judgment on fraud the movant must allege and demonstrate to the court: (1) there must have been no laches or unreasonable delay by the injured party after the fraud was discovered; (2) there must have been diligence . . . in trying to discover and expose the fraud; (3) there must be clear proof of the perjury or fraud; (4) there must be a substantial likelihood that the result of the new trial will be different. Grayson v. Grayson, 4 Conn. App. 275,286; James, Civil Procedure (1965) Sec. 11.7, pp. 540-42; [note,] 36 111. L. Rev. 894, 896-97 (1942). Varley v. Varley, 180 Conn. 1, 4 428 A.2d 317 (1980). Jucker v. Jucker, 190 Conn. 674, 677, 461 A.2d 1384 (1983); see also Jackson v. Jackson, 2 Conn. App. 179, 189, 478 A.2d 1026, cert. denied, 194 Conn. 805, 482 A.2d 710 (1984).
The plaintiff waited more than four years before filing the motion to reopen the judgment. Parties have a right to rely upon the finality of judgments. There was an unreasonable delay between the date of the judgment of dissolution of marriage (March 1987) and the date the motions were filed.
The court at the time of the hearing as an uncontested matter had opportunity to review the agreement with the parties. The court canvassed the parties and entered judgment incorporating the agreement in its decree.
Private settlement of financial affairs is a goal that courts should support rather than undermine. Baker v. Baker,187 Conn. 315, 355.
Motion to reopen and modify is denied.
FRANK S. MEADOW, JUDGE