[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO OPEN JUDGMENT.
In this action on a note, default for failure to appear was entered against the defendant on November 16, 1988. Judgment on the default was entered on September 20, 1990.
The defendant has now filed a motion to open the judgment. The motion was dated October 14, 1992 and the motion was filed in court on October 16, 1992.
The basis for this tardy motion is a claim of fraud. The plaintiff's affidavit on which the judgment was granted gave credit for payments made by the defendant as interest. The defendant claims that the payments were made in reduction of principal and interest, so that the amount of principal and CT Page 10347 hence the amount of the debt claimed by the plaintiff was deliberately and knowingly overstated.
"Although the law will intervene to insure that substantial justice is done where fraud has been perpetrated, the frequency and extent of this intervention must be tempered by a sometimes conflicting adjudicative proposition that mandates the ultimate conclusion of all legal controversy. Thus, the setting aside of a judgment on the basis of fraud will only be granted if the [movant] is not barred by any of the following restrictions: (1) There must have been no laches or unreasonable delay by the injured party after the fraud was discovered. (2) There must have been diligence . . . in trying to discover and expose the fraud. (3) There must be clear proof of the perjury of fraud. (4) There must be a substantial likelihood that the result of the new trial will be different. James, Civil Procedure (1965) Sec. 11.7, pp. 540-43; [note,] 36 Ill. L. Rev. 894, 896-97 (1942). Varley v. Varley, 180 Conn. 1, 4, 428 A.2d 317
(1980)."
Jucker v. Jucker, 190 Conn. 674, 677, 461 A.2d 1384
(1983).
The court has examined the documents offered by the defendant in support of his motion. The court finds that this material does not overcome the restrictions to opening a judgment by a motion filed over two years after the judgment was entered.
The motion to open judgment is denied.
NIGRO, J.