[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REOPEN DEFICIENCY JUDGMENT
On February 24, 1992 the court, Koletsky, J., entered a deficiency judgment against the defendants Lopez and Henson in the amount of $155,905.30. The court arrived at this amount by subtracting from the debt found to be due to the plaintiff the amount of the sales price at the foreclosure sale. That amount was $260,000, the only bid at the auction and a bid made by the plaintiff foreclosing bank. The court had previously approved the sale over the objections of the defendants, who complained about the low bid by the CT Page 709 foreclosing bank, but offered no evidence as to value at the time of sale.
The court found that the bank's bid was a bid made in good faith, and a bid in all probability designed to induce other bidders to bid in some amount greater than $260,000, in which case the bank would have been free of the problem of ongoing ownership of the property.
An appeal was taken from the court's decision and argued before the Connecticut Supreme Court on January 13, 1993. The Supreme Court affirmed the trial court's judgment on August 24, 1993.
While that appeal was pending, the bank sold the property it had purchased with its bid of $260,000 for a contract sales price of $410,000 on March 31, 1993, some thirteen months after the deficiency judgment was awarded. This sale by the bank of the foreclosed property for $150,000 more than it had bid on the property thirteen months earlier occasioned the defendants to file a motion to reopen the judgment on May 6, 1993. The parties also stipulated on May 7, 1993 that the motion could be heard by the undersigned who was by that time sitting in another judicial district. The files were transferred to the undersigned and briefings and hearings have been concluded.
The defendants' first hurdle is plaintiff's claim that the motion to reopen the judgment was not timely filed and that the court therefore lacks jurisdiction to hear the motion to open judgment. When a judgment is a final judgment is an interesting question that the court does not find necessary to resolve. For petitions for new trials, Varley v. Varley,180 Conn. 1 (1980) stands for the proposition that a judgment may well be final at the time it is rendered if the judgment is affirmed on appeal (of course, if the judgment were set aside on appeal, it obviously was not final). On the other hand, for prejudgment remedy availability, many courts have granted prejudgment remedies after judgment when the case is on appeal. See Cobole v. Maloney, 8 Conn. L. Rptr. 136, 8 CSCR 140
(1993) (Blue, J.).
That foreclosure is an equitable action is beyond cavil. That a writ of audita querela is an equitable writ that would be available to the defendants in this situation is also, it CT Page 710 seems to the court, beyond dispute. To deny defendants relief because they filed a motion to reopen a judgment instead of styling it an independent action of audita querela would be to elevate form over substance. "In an equitable proceeding, the trial court may examine all relevant factors to insure that complete justice is done." City Corp. Mortgage, Inc. v.Burgos, 227 Conn. 116, 120 (1993). The court holds that defendants' motion to reopen judgment could not possibly have been more timely filed, since it was filed some five or six weeks after the sale of the property for $150,000 over the bank's earlier bid. The court elects to treat the motion as a writ of audita querela, the common law remedy providing relief to a defendant from a judgment because of events occurring subsequent to that judgment which should entitle a judgment debtor to relief. See Ames v. Sears, Roebuck Co.,206 Conn. 16 (1988).
The court finds that, while the bank's $260,000 bid was a fair and reasonable bid at the time it was made, and that while the bank's deficiency judgment of $155,905.30 was an appropriate judgment on February 24, 1992, matters arising since the time of that judgment have transpired and those matters, in equity, entitle the defendants to relief. Specifically, the court finds that plaintiff bank's good fortune in reselling the property for $150,000 more than it paid for it makes it inequitable to permit enforcement of the full amount of the deficiency judgment in this case.
The court recognizes that it is embarking on a fairly uncharted sea, and further recognizes that, by this decision, the potential for subsequent hearings is increased in cases where the foreclosing bank is the successful bidder at the foreclosure sale and the amount bid is less than the debt. The court does not think that this is necessarily bad. The superior court has considerable equitable powers, particularly in foreclosure actions, and the court is convinced that this power is appropriately used in this case. It is far preferable to exercise the discretion of the court within existing parameters than to create a new state constitutional remedy for a perceived injustice. The court is comfortable that this remedy will not "open the flood gates" or otherwise render uncertain the doctrine of finality of judgments. This action is not without analogy, since the doctrine of appropriation s alive and well in this state. See A MRealty v. Dahms, 217 Conn. 95 (1991). CT Page 711
Thus the court holds that the defendant is entitled to relief and that this court has jurisdiction to award that relief.
At the hearing held by the court to determine the plaintiff bank's claims concerning additional expenses which it had incurred, the bank submitted, as plaintiff's exhibit 2, something in excess of $80,000 worth of bills from and checks to a civil engineering firm. The bank claimed that these expenses were necessary to achieve the price the bank was able to achieve on the sale of the property in March of 1993. In the post hearing briefing requested by the court, the plaintiff's claim has apparently been reduced to $14,204 for this element. Since the only testimony submitted by the plaintiff on this point was that of a vice-president who did not really know what the bills were for, and since the claim has now shrunk from $88,490.98 to $14,204, the court cannot credit the witness' testimony with respect to the engineering fees. However, the court does note that the sum of $13,905 was escrowed from the closing, (see plaintiff's exhibit 1), for the benefit of the engineering firm in question and based on that fact and the documentary evidence of exhibit 2, the court accepts that amount as a legitimate additional expense of the plaintiff bank.
In addition, the parties have stipulated that the plaintiff bank paid $44,274.86 In taxes on the property, $23,466.43 of which were incurred prior to the bank's $260,000 bid at the foreclosure action. Defendants argue that since the bank's bid was made with the knowledge of the outstanding tax liens in existence at that time, there is no equitable reason why the bank should be entitled to credit for the payment of those taxes. This is nothing more than the same argument defendants have made before the Supreme Court (unsuccessfully), albeit from a somewhat different perspective. "We see no basis in our law or policy to justify such a result." New England Savings Bank v. Lopez, 227 Conn. 270, at 285 (1993). The bank is entitled to "credit" for taxes which were paid by the bank after the foreclosure auction. That amount is $44,274.86, less $5,353.06 for which the bank obtained an adjustment at the March 31, 1993 closing (see plaintiff's exhibit 1). Therefore, the bank is entitled to "credit" for $38,921.80 on account of taxes. CT Page 712
Although the plaintiff bank argues in its brief that it is also entitled to such things as committee's fees and the like, those fees were included in the calculations to arrive at the deficiency judgment of $155,905.30 awarded by the court on February 24, 1992. The only other credits to which the bank is equitably entitled are the conveyance tax of $2,501 (town and state) and attorney's fees incurred by the bank at the 1993 closing in the amount of $750.
The relief provided in this case is as follows. The deficiency judgment of $155,905.30 is increased by interest at the statutory rate of 10% from February 25, 1992 to the date of the sale of the property by the bank, March 31, 1993. That amount is $17,042.67. In addition, the court finds that the bank necessarily and appropriately expended the following sums in achieving the $410,000.00 sale: $750 in attorney's fees; $2,501 in conveyance taxes; $38,921.80 in property taxes; and $13,905 in engineering fees, for a total of $56,077.79. The court determines, in consideration of the equities, that the defendants' relief should be reduced by the $56,077.79 spent by the plaintiff bank in selling the property. The court also holds that the sum due to the plaintiff by these calculations, $172,947.97, should be reduced by the $150,000 "profit" realized by the bank less the bank's reasonable and necessary expenditures as set forth above in the amount of $56,077.79. It is the order of this court that relief be granted to the defendants in that the bank may obtain an execution against the defendants for the sum of $79,025.77 plus interest at the statutory rate on that amount from March 31, 1993.