[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO REOPEN
By motion filed April 24, 1998, the defendant in this dissolution action seeks to reopen the judgement entered by the court, Sferrazza J., on June 19, 1995. The basis of the motion is I the defendant's claim that the judgement was obtained by fraud.
The court, after hearing, makes the following findings of fact and conclusions of law. During the dissolution proceedings both parties proceeded pro-se. However they both utilized the CT Page 8050 services of Margaret Bonnelli, an attorney, for the purposes of document and form preparation. Bonnelli did not represent either party in the action nor does either party claim that she did. She did however provide the parties with questionnaires in order to aid in the preparation. This questionnaire sought information concerning assets owned and debts due including obligations to taxing authorities.
On June 19, 1995, the plaintiff presented to the court and to the defendant her financial affidavit dated May 18, 1995. That affidavit did not list the Internal Revenue Service or the Department of Revenue Services as creditors. The defendant's affidavit dated June 19, 1995 also did not list the IRS or DRS as creditors. Based on those financial affidavits the court entered judgement after an uncontested dissolution hearing.
The defendant claims that the plaintiff failed to disclose on her financial affidavit that there were taxes owed to the IRS for tax years 1992, 1993, and 1994. The defendant claims that he first became aware that the tax returns for those years had not been filed in April 1996 when the plaintiff approached him and returned all of his business records for those years. Further he claims that the plaintiff told him in April that they each would be responsible for tax liability for those years. He testified that he was stunned by this revelation as he had no idea that the tax returns had not been filed. Further he claims that he filed individual returns for those years and for 1995 which resulted in a liability to the IRS of approximately $60,000 and to the State of Connecticut of approximately $6,000. The defendant claims that he operated his own business for many years and that the plaintiff always took care of the record keeping and preparation of the tax returns.
The defendant further claims that in September 1995 he entered into an oral arrangement with the plaintiff whereby she agreed to a reduction in child support from $331. per week to $200. per week because she felt partially responsible for the tax liability. He claims that a further reduction in child support to $150 was agreed to which he claims to have continually paid.
The plaintiff claims that the defendant knew that these returns had not been filed. She also testified that while she was generally responsible for making sure that the returns were prepared and filed, the defendant would sign the return and that they would go over the tax return at their CT Page 8051 kitchen table prior to filing. She states that no obligation to the IRS was listed on their financial affidavits because no returns had been filed. The plaintiff also claims that she had advised the defendant on a number of occasions prior to the dissolution that the returns needed to be filed. The plaintiff claims that the reduction to $200. in the child support was a short term arrangement in order to compensate him for the equity in the house that she sold. She claims that she never agreed to any reduction to $150. Further she claims that the motion to reopen was filed solely as a response to her efforts to collect past due child support.
The court does not find the defendant credible when he states that he was unaware of the fact that the tax returns had not been filed. He was aware of the fact that he is required to sign the returns and, while he claims that in the past the plaintiff has occasionally signed his name to the return, he presented no evidence of this other than his testimony. Additionally, when confronted with the fact that he went to a tax preparer in 1991 and personally paid for that service, it undercuts his claimed lack of knowledge of the finances.
The defendant has a heavy burden. He must first establish that the judgement was obtained by fraud. Then, having sustained this burden, he must demonstrate that he meets the test for reopening in family matters that are obtained by fraud.
The essential elements of fraud are: "(1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other part to act on it; and (4) that the latter did so act on it to his injury." Maturo v. Gerard,196 Conn. 584, 587 (1985) (internal citations omitted).
In Varley v. Varley, 180 Conn. 1, 4, 428 A.2d 317 (1980), the Supreme Court enunciated a four part test in determining whether a marriage dissolution judgement secured by fraud should be reopened. That test requires that the moving-party establish that:"(1) There must have been no laches or unreasonable delay by the injured party after the fraud was discovered. (2) There must have been diligence in the original action, that is, diligence in trying to discover and expose the fraud. (3) There must be clear proof of the perjury or fraud. (4) There must be a substantial likelihood that the result of the new trial will be different." In Billinaton v. Billinaton, 220 Conn. 212, 218 (1991)the court CT Page 8052 revisited the Varley test and determined that the time had come to abandon the requirement that the moving party demonstrate diligence in trying to discover the fraud to be successful in his bid to reopen the judgement. The other prongs of the Varley test were left undisturbed by the court.
In the present matter the defendant has failed to show any perjury or fraud. The defendant clearly knew that he had not signed the tax returns. He was never told by the plaintiff that she had signed his name to the returns or filed them for the years in question. To the contrary, he was advised by the plaintiff of the need to file the returns before the dissolution went forward. The defendant has failed to sustain his burden of proving that the plaintiff made a false statement in an effort to induce him to rely on it and that he did, in fact, rely on it.
Nor has the defendant demonstrated that the delay from his claimed discovery in April 1996 to the filing of the motion to reopen in April 1998 is not an unreasonable delay. Therefore the defendant has failed to satisfy two of the three prongs of the
Billington test.
For all of the foregoing reasons, the defendant's motion to reopen the dissolution judgement is denied.
J. Zarella