COREY TURNER *v.* COMMISSIONER OF CORRECTION
(AC 23024)

Lavery, C. J., and Foti and West, Js.

Submitted on briefs October 27—officially released December 7, 2004

*James M. Fox,* special public defender, filed a brief for the appellant (petitioner).

*Marjorie Allen Dauster,* senior assistant state's attorney, *Christopher L. Morano,* chief state's attorney, and *Angela R. Macchiarulo,* assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Corey Turner, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal,

the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal. We dismiss the appeal.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. The petitioner was charged with and convicted of murder in violation of General Statutes § 53a-54a and assault in the first degree in violation of General Statutes § 53a-59 (a) (5). He was sentenced to sixty years of incarceration. The petitioner's conviction was upheld by our Supreme Court in *State* v. *Turner*, 252 Conn. 714, 751 A.2d 372 (2000).

Thereafter, the petitioner filed an amended petition for a writ of habeas corpus, alleging that both his trial and appellate counsel rendered ineffective assistance. The habeas court found that the petitioner could not meet the requirements of an ineffective assistance of counsel claim pursuant to *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Strickland* requires that a petitioner first show "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." Id., 687. If, and only if, the petitioner manages to get over the first hurdle, then the petitioner must clear the second obstacle by proving "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether

the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Citations omitted; internal quotation marks omitted.) *Owens* v. *Commissioner of Correction*, 63 Conn. App. 829, 830–31, 779 A.2d 165, cert. denied, 258 Conn. 905, 782 A.2d 138 (2001).

After reviewing the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, that he has failed to sustain his burden of persuasion that the denial of his petition for certification to appeal from the denial of his petition for a writ of habeas corpus was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, supra, 230 Conn. 612.

The appeal is dismissed.