## COREY TURNER *v.* COMMISSIONER OF CORRECTION
### (AC 25979)

Bishop, McLachlan and Pellegrino, Js.

Argued May 22—officially released August 8, 2006

*David B. Rozwaski*, special public defender, for the appellant (petitioner).

*Julia K. Conlin*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Angela R. Macchiarulo*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Corey Turner, appeals following the habeas court's denial of his petition for certification to appeal from the dismissal of his second amended petition for a writ of habeas corpus. We dismiss the appeal.

The petitioner was convicted, following a jury trial, of murder in violation of General Statutes § 53a-54a and assault in the first degree in violation of General Statutes § 53a-59 (a) (5). The petitioner received a total effective sentence of sixty years incarceration. He then filed a direct appeal. Our Supreme Court transferred the appeal to itself pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1, and later affirmed the

judgment of conviction. See *State* v. *Turner*, 252 Conn. 714, 751 A.2d 372 (2000).

The petitioner subsequently filed an amended petition for a writ of habeas corpus in which he claimed that his trial and appellate counsel had provided ineffective assistance. The habeas court rejected the petitioner's claims and then denied his petition for certification to appeal. The petitioner appealed to this court, and we dismissed the appeal. See *Turner* v. *Commissioner of Correction*, 86 Conn. App. 341, 861 A.2d 522 (2004), cert. denied, 272 Conn. 914, 866 A.2d 1286 (2005).

The petitioner then filed a second amended petition for a writ of habeas corpus in which he again claimed that his trial counsel, Leon M. Kaatz, had provided ineffective assistance. The respondent, the commissioner of correction, filed a motion to dismiss the petition on the ground of abuse of the writ, arguing that the petition did not present any new evidence in support of the claim of ineffective assistance. After a hearing, the court granted the motion to dismiss. The petitioner then filed a petition for certification to appeal, which the court denied.

On appeal, the petitioner claims that the court should have granted his petition for certification to appeal because he had discovered new evidence of Kaatz' allegedly ineffective assistance. In the petitioner's view, the new evidence was Kaatz' testimony at the habeas trial that he had advised the petitioner to accept a plea agreement. The petitioner contends that Kaatz' testimony surprised him because it differed from Kaatz' statement in a letter to him, dated June 25, 1996, that "it would be inappropriate . . . to consider any plea bargains." The respondent argues that the petitioner could have pursued the issue of Kaatz' advice regarding plea negotiations at the habeas trial despite his surprise at Kaatz' testimony. The respondent also points out that

Kaatz' testimony that he had advised the petitioner to accept a plea agreement was not necessarily inconsistent with Kaatz' letter because Kaatz did not testify as to the date when he advised the petitioner to accept the plea agreement.

The petitioner must demonstrate that the court abused its discretion in denying his petition for certification to appeal. After a careful review of the record and briefs, we conclude that the petitioner has not demonstrated that the issue he has raised is debatable among jurists of reason, that a court could resolve the issue in a different manner or that the question raised deserves encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). Accordingly, the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.