COREY TURNER *v.* COMMISSIONER
OF CORRECTION
(AC 29062)

Gruendel, Lavine and Dupont, Js.

Argued September 23, 2009—officially released December 22, 2009

*David B. Rozwaski*, special public defender, for the appellant (petitioner).

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Angela R. Macchiarulo*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Corey Turner, appeals from the judgment of the habeas court denying his third petition for a writ of habeas corpus. The habeas court granted the petition for certification to appeal. The petitioner claims that the court improperly denied his

claims of ineffective assistance by his first habeas appellate counsel. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. The petitioner was charged with and convicted of murder in violation of General Statutes § 53a-54a and assault in the first degree in violation of General Statutes § 53a-59 (a) (5). He was sentenced to sixty years of incarceration, and the conviction was upheld by our Supreme Court in *State* v. *Turner*, 252 Conn. 714, 751 A.2d 372 (2000).

The facts, leading to the petitioner's conviction, which a jury reasonably could have found beyond a reasonable doubt, are as stated by the Supreme Court in *State* v. *Turner*, supra, 252 Conn. 717–18. The petitioner and Richard Woods, the victim of the murder and assault, had an argument in front of the home of Betty Lewis on the evening of August 11, 1995, in Hartford. At approximately 11 p.m., Darius Powell, Kendrick Hampton, Lewis and Woods were together at the same place. Charles Turner, the petitioner's brother,[1] drove down the street, with the petitioner in the car, past the previously named persons, and shortly thereafter, Charles Turner, then alone in the car, drove back past the Lewis home. He parked the car across the street, exited the car and began " 'dancing around.' " Id., 117. While those present were watching Charles Turner, the petitioner, wearing a mask and dark clothing, approached the group and shot at Woods with a handgun. Eight gunshots hit Woods. During the attack, Woods shouted, " 'Boku shot me. Boku did it.' " Id. Boku is the petitioner's street name. Woods later died at a hospital from the gunshot wounds. Two of the

---

[1] Charles Turner was tried and convicted, in the same trial as the petitioner, of murder as an accessory and assault in the first degree as an accessory. See *State* v. *Turner*, supra, 252 Conn. 717.

bystanders, Powell and Hampton, recognized the petitioner as the assailant. After the shooting, the petitioner escaped, and Charles Turner drove down the street where he picked up the petitioner four houses away. Id., 718. The petitioner testified, claiming that he was not at the scene of the crime at the time of the murder. Id., 719. Hampton was a state's witness and testified that the petitioner was the shooter.

Subsequently, the petitioner filed his first petition for a writ of habeas corpus in which he alleged that his trial and appellate counsel had provided ineffective assistance. The habeas court rejected the petitioner's claims and denied his petition for certification to appeal. The petitioner appealed to this court, which dismissed the appeal. See *Turner* v. *Commissioner of Correction*, 86 Conn. App. 341, 861 A.2d 522 (2004), cert. denied, 272 Conn. 914, 866 A.2d 1286 (2005).

The petitioner filed a second petition for a writ of habeas corpus in a different judicial district. The respondent, the commissioner of correction, filed a motion to dismiss the petition, claiming an abuse of the writ because the petitioner alleged several claims of ineffective assistance of trial counsel that could have been made in the first habeas corpus petition. The court granted the motion to dismiss and denied the petition for certification to appeal. The petitioner appealed to this court, which dismissed the appeal. See *Turner* v. *Commissioner of Correction*, 97 Conn. App. 15, 902 A.2d 716, cert. denied, 280 Conn. 922, 908 A.2d 546 (2006).

Thereafter, the petitioner filed this third petition for a writ of habeas corpus, and the amendments to it, alleging ineffective assistance of his first habeas appellate counsel. He alleged that appellate counsel was ineffective for failing to challenge the legal performance of the petitioner's trial counsel as to the manner in which the trial counsel conducted the cross-examination of

Hampton concerning Hampton's identification of the petitioner as the shooter.

The habeas court in the present appeal determined that the petitioner did not satisfy the two-pronged test set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied. . . . Moreover, when a petitioner is claiming ineffective assistance of appellate counsel, he must establish that there is a reasonable probability that but for appellate counsel's error, the petitioner would have prevailed in his direct appeal." (Citation omitted; internal quotation marks omitted.) *Davis* v. *Commissioner of Correction*, 117 Conn. App. 737, 739–40, 980 A.2d 933 (2009).

The present habeas court carefully reviewed all of the petitioner's claims and concluded that the petitioner's criminal trial and first habeas appellate counsel performed within the wide range of reasonable professional assistance. We, having also reviewed the voluminous transcripts and record, agree with the court. We conclude that the petitioner failed to satisfy either prong of *Strickland*.[2]

The judgment is affirmed.

---

[2] This case has been the subject of trials, motions, habeas corpus petitions and memoranda of decision in the Superior Court, the Appellate Court and the Supreme Court for more than fifteen years. The present habeas court discusses, in an eleven page memorandum of decision, the petition at issue,

as well as two prior petitions and numerous amendments, to conclude, as we do, that "[t]here are no issues remaining to be litigated in connection with the petitioner's 1996 conviction." The court further stated that "[a]ny further petitions for a writ of habeas corpus shall be considered successive and abusing the privilege of the writ."

We can not foreclose the petitioner's right to file future petitions for a writ of habeas corpus, but we note, as did the present habeas court, that there is no right to an endless filing and review of successive denials of petitions for habeas corpus. As succinctly stated by the court, "[i]n the instant case, the petitioner has not asserted any new legal ground upon which the court can ultimately find [that] he is burdened with an unreliable conviction."