******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

COREY TURNER *v.* COMMISSIONER OF
CORRECTION
(AC 36601)

Alvord, Sheldon and Mullins, Js.

*Argued December 9, 2015—officially released March 8, 2016*

(Appeal from Superior Court, judicial district of
Tolland, White, J. [judgment]; Cobb, J. [motion to
open].)

*Corey Turner*, self-represented, the appellant (peti-
tioner).

*Melissa L. Streeto*, senior assistant state's attorney,
with whom, on the brief, were *Gail P. Hardy*, state's

attorney, and *Angela R. Macchiarulo*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

ALVORD, J. The petitioner, Corey Turner, appeals from the judgment of the habeas court denying his motion to open and set aside a 2002 habeas judgment and denying him certification to appeal from that decision. On appeal, the petitioner claims that the habeas court, *Cobb*, *J.*, abused its discretion by denying his petition for certification to appeal and determining that his motion to open and set aside the judgment of the first habeas court, *White*, *J.*, was time barred. We dismiss the appeal.

The following facts and procedural history are relevant to this appeal. In 1997, the petitioner was convicted of murder in violation of General Statutes § 53a-54a and first degree assault in violation of General Statutes § 53a-59. In 2000, our Supreme Court affirmed his conviction. *State v. Turner*, 252 Conn. 714, 751 A.2d 372 (2000). The petitioner's first petition for writ of habeas corpus, which is the focus of the present appeal, was adjudicated in 2002. In that case, the habeas court, *White*, *J.*, denied the petitioner's writ of habeas corpus alleging claims of ineffective assistance of counsel both in his underlying criminal trial and on his direct appeal. This court dismissed the petitioner's appeal. *Turner* v. *Commissioner of Correction*, 86 Conn. App. 341, 861 A.2d 522 (2004), cert. denied, 272 Conn. 914, 866 A.2d 1286 (2005).[1]

During his 2002 habeas trial, the petitioner alleged that his criminal trial counsel had been ineffective for failing to convince the criminal trial court to admit evidence that supported his defense of alibi. The petitioner had testified, during his criminal trial, that he was with an acquaintance at the time of the murder. He called the acquaintance witness to testify and she repeated the same story. During cross-examination of the petitioner, the state questioned him about a recorded prison phone call between the petitioner and the acquaintance witness, suggesting that he had fabricated the story. In an attempt to refute the state's rebuttal evidence, the petitioner's criminal trial counsel attempted to admit into evidence the recording of the phone call between the petitioner and the acquaintance witness, but the trial court sustained the state's objection.[2]

In his first habeas trial, the petitioner called his criminal trial counsel as a witness in an effort to elicit testimony that would show that he had been ineffective by failing to have the recorded phone call admitted as evidence in the criminal trial. On cross-examination, the petitioner's criminal trial counsel testified that the petitioner presented him with two witnesses who would testify to an alibi, in addition to and separate from the acquaintance witness. The petitioner's criminal trial counsel testified that initially during the trial, he inter-

viewed one of the two additional witnesses and found that she was not credible and thus did not present their testimony in the petitioner's defense. The petitioner, representing himself at the habeas trial, attempted to impeach his criminal trial counsel through use of a prior inconsistent statement concerning the additional witnesses. The petitioner sought to admit as evidence the criminal trial counsel's written response to a 1997 grievance that was filed against him by the petitioner. The petitioner claimed that the written response proved that the petitioner provided his criminal trial counsel with only the one acquaintance witness in regard to his alibi, contradicting counsel's habeas testimony.[3] However, the habeas court sustained the objection of the respondent, the Commissioner of Correction, to the introduction of this extrinsic evidence because the habeas court concluded that the statements would be cumulative and involved a collateral matter. The next day, the petitioner moved for a mistrial because he claimed that his criminal trial counsel had perjured himself and the court had denied him the opportunity to present evidence that would have supported that claim. The court denied the motion. Ultimately, the habeas court, *White, J.*, denied the petitioner's writ of habeas corpus. The petitioner appealed from the judgment of the habeas court, but he did not argue that the court had erred by sustaining the state's objection to his admission of the grievance response into evidence. This court dismissed the appeal. *Turner* v. *Commissioner of Correction*, supra, 86 Conn. App. 343.

On July 27, 2011, the petitioner filed a motion to open and set aside the 2002 judgment of the habeas court, *White, J.*, on his first petition for writ of habeas corpus. The petitioner claimed that the judgment resulted from a fraud committed upon the court through the collusion of his criminal trial counsel and the respondent's counsel in the first habeas action. Specifically, the petitioner claimed that his criminal trial attorney had perjured himself in testimony before the habeas court, *White, J.*, and that the respondent's counsel had intentionally elicited this testimony even though she knew that it was false.[4] During the habeas court's hearing on the motion, the petitioner argued that his criminal trial counsel's statement regarding multiple alibis had undermined his petition for writ of habeas corpus because it supported the respondent's contention that the acquaintance witness' testimony as to the petitioner's alibi had been fabricated. The habeas court, *Cobb, J.*, denied the petitioner's motion to open and set aside the judgment based on his failure to satisfy any of the factors set out in *Varley* v. *Varley*, 180 Conn. 1, 4, 428 A.2d 317 (1980), to prove that the judgment was based on fraud.[5] The habeas court also denied the petitioner certification to appeal.[6] This appeal of the habeas court's denial of certification followed.

"We begin by setting forth the applicable standard

of review and procedural hurdles that the petitioner must surmount to obtain appellate review of the merits of a habeas court's denial of the habeas petition following denial of certification to appeal. In *Simms* v. *Warden*, 229 Conn. 178, 187, 640 A.2d 601 (1994), [our Supreme Court] concluded that . . . [General Statutes] § 52-470 (b) prevents a reviewing court from hearing the merits of a habeas appeal following the denial of certification to appeal unless the petitioner establishes that the denial of certification constituted an abuse of discretion by the habeas court. . . . This standard requires the petitioner to demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . A petitioner who establishes an abuse of discretion through one of the factors listed above must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Brewer* v. *Commissioner of Correction*, 162 Conn. App. 8, 12–13,      A.3d      (2015).

"Habeas corpus is a civil proceeding. . . . The principles that govern motions to open or set aside a civil judgment are well established. A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Citation omitted; internal quotation marks omitted.) *Foote* v. *Commissioner of Correction*, 125 Conn. App. 296, 300, 8 A.3d 524 (2010).

A motion to open and set aside judgment is governed by General Statutes § 52-212a and Practice Book § 17-4. *Dougherty* v. *Dougherty*, 109 Conn. App. 33, 38, 950 A.2d 592 (2008). Section 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."

For claims of fraud brought in a civil action, our Supreme Court has established the criteria necessary

for a party to overcome the statutory time limitation governing a motion to open and set aside judgment. *Varley* v. *Varley*, supra, 180 Conn. 4. "To have a judgment set aside on the basis of fraud which occurred during the course of the trial upon a subject on which both parties presented evidence is especially difficult. . . . The question presented by a charge of fraud is whether a judgment that is fair on its face should be examined in its underpinnings concerning the very matters it purports to resolve. Such relief will only be granted if the unsuccessful party is not barred by any of the following restrictions: (1) There must have been no laches or unreasonable delay by the injured party after the fraud was discovered. (2) There must have been diligence in the original action, that is, diligence in trying to discover and expose the fraud. (3) There must be clear proof of the perjury or fraud. (4) There must be a substantial likelihood that the result of the new trial will be different."[7] Id., 3–4.

In the present case, the habeas court properly denied the petitioner's motion to open and set aside the judgment because it was raised after an unreasonable delay. The habeas court, *White, J.*, denied the petitioner's first petition for a writ of habeas corpus on January 4, 2002. More than eight years later, the petitioner filed the present motion with the habeas court, *Cobb, J.* During that span of time, the petitioner did not develop any new facts or claims to support his assertion of fraud. The petitioner instead seeks to set aside the habeas court's judgment with facts that were known to him, as well as to the habeas court, at the time of his first petition for a writ of habeas corpus. The petitioner has not offered this court any argument that justifies his lengthy delay in bringing this motion in a habeas action. The determination that the petitioner delayed an unreasonable period of time in pursuit of his claim of fraud is not debatable among jurists of reason.

Because the petitioner cannot succeed on the first *Varley* factor, we need not consider the remaining factors. See *Varley* v. *Varley*, supra, 180 Conn. 4. The petitioner's 2011 motion to open and set aside a judgment that was final in 2002 was brought after an unreasonable delay. The habeas court properly denied this motion. Accordingly, we conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] Since his original petition for a writ of habeas corpus, the petitioner has sought the review of the appellate courts multiple times including unsuccessfully filing and appealing: (1) three other petitions for a writ of habeas corpus, (2) a writ of error coram nobis, and (3) a motion to open and set aside judgment of the underlying conviction in the criminal trial court. See *Turner* v. *Commissioner of Correction*, 118 Conn. App. 565, 984 A.2d 793 (2009), cert. denied, 296 Conn. 901, 991 A.2d 1104 (2010); *Turner* v. *Commissioner of Correction*, 97 Conn. App. 15, 902 A.2d 716, cert. denied, 280 Conn. 922, 908 A.2d 546 (2006); *Turner* v. *Dzurenda*, 596 F. Supp. 2d 525 (D. Conn.

2009), aff'd, 381 Fed. Appx. 41 (2d Cir. 2010), cert. denied, 562 U.S. 1032, 131 S. Ct. 574, 178 L. Ed. 2d 419 (2010); *Turner* v. *State*, 134 Conn. App. 906, 40 A.3d 345, cert. denied, 307 Conn. 904, 53 A.3d 219 (2012); *State* v. *Turner*, 139 Conn. App. 906, 55 A.3d 626 (2012), cert. denied, 308 Conn. 946, 67 A.3d 289 (2013).

[2] The Supreme Court, in 2000, addressed this claim on direct appeal of the criminal trial conviction: "In the trial court, Corey Turner did not point to anything in the offered tape that would have been helpful to his case with regard to the state's rebuttal evidence. Rather, he argued that the offered tape would substantiate his testimony on cross-examination concerning his conversation with [the acquaintance witness]. Bolstering of defense evidence is not permitted on surrebuttal. . . . We conclude that there were no compelling reasons for the trial court to admit Corey Turner's surrebuttal evidence." (Citation omitted.) *State* v. *Turner*, supra, 252 Conn. 724.

[3] A careful review of the grievance response does not reveal a clear discrepancy between the response and testimony of the petitioner's criminal trial counsel. In the 1997 grievance, the petitioner's criminal trial counsel was writing in response to the petitioner's specific claim that he did not interview the witness who supported his alibi: "On Friday, July 25, at the end of the first week of evidence in the trial, Petitioner did, for the first time, reveal to me the identity of his alibi witness; her name was Fonda Williams." The state argues that any discrepancy was explained by the petitioner's criminal trial counsel in his response to a second grievance filed by the petitioner. The statement was made in a grievance response dated March 21, 2003; a document that the petitioner included in his pretrial brief to the habeas court supporting his motion to open and vacate the judgment. Counsel stated: "My dialogue with these women took place 7 years ago and my recollection of precisely what was said may be sketchy. I do recall, however, that at no time did either of these women tell me they were acting on their own. Further . . . in future dialogues I had with [the petitioner] about these women, [the petitioner] never stated or even suggested that the two women were acting on their own without his knowledge."

[4] "[The Rules of Professional Conduct] confirm that the legal profession has accepted that an attorney's ethical duty to advance the interests of his client is limited by an equally solemn duty to comply with the law and standards of professional conduct; it specifically ensures that the client may not use false evidence. This special duty of an attorney to prevent and disclose frauds upon the court derives from the recognition that perjury is as much a crime as tampering with witnesses or jurors by way of promises and threats, and undermines the administration of justice." (Internal quotation marks omitted.) *State* v. *Chambers*, 296 Conn. 397, 420–21, 994 A.2d 1248 (2010).

[5] The habeas court stated: "The petitioner's delay in filing the motion to open is unreasonable, the prosecution of said motion has not been diligent, there is no clear proof of perjury or fraud, and there is no reasonable probability that the result of a new habeas trial will be different."

[6] After the habeas court denied the petitioner's motion to open and set aside the judgment in a memorandum of decision dated December 19, 2012, the petitioner filed two motions for reconsideration that were denied. On June 17, 2013, the petitioner sought to appeal from the judgment of the habeas court, but this court dismissed the appeal because the petitioner had not sought certification to appeal from the habeas court. The petitioner filed a petition for certification to appeal with the habeas court that was denied on November 7, 2013. On March 3, 2014, the petitioner appealed from the habeas court's denial of his petition for certification to appeal. Thereafter, the petitioner filed with the habeas court several motions for articulation that were also denied.

[7] Our Supreme Court later modified the fourth requirement: "[W]e disavow the phrasing employed in *Varley* and rephrase the fourth prong to require a movant to demonstrate a reasonable probability, rather than a substantial likelihood, that the result of a new trial will be different." *Duart* v. *Dept. of Correction*, 303 Conn. 479, 491, 34 A.3d 343 (2012).